**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | **No. 3:25cv773** |
| **Plaintiff** | : | |
| | : | **(Judge Munley)** |
| **v.** | : | |
| | : | |
| | : | |
| **JOHN M. KISTLER, JR.;** | : | |
| **BLUE MOUNTAIN MINISTRY, INC.;** | : | |
| **MICHAEL J. GARVEY; and KRISTI L.** | : | |
| **KWIATKOWSKI,** | : | |
| **Defendants** | : | |

## MEMORANDUM ORDER

Before the court are Defendant John Kistler's motions to dismiss, motion to show cause, and motion to quash. (Docs. 7, 20, 30, 36, 39, 47, 58). Also pending are the government's two motions to dismiss Kistler's counterclaims and its motion for default judgment against Defendants Kristi L. Kwiatkowski, Michael Garvey, and Blue Mountain Ministry, Inc. a/k/a Blue Mountain Ministry, LLC ("Ministry"). (Docs. 10, 35, 54).

By way of brief background, the government commenced this action pursuant to 26 U.S.C. §§ 6321 and 6322 seeking to foreclose federal tax liens and a judgment lien against four parcels of real property located at 65 and 69 Tompkins Street, Pittston, Pennsylvania 18640 (hereinafter "Pittston Property"). (Doc. 27, Am. Compl. ¶¶ 28-34). According to the amended complaint, the Secretary of the Treasury assessed federal income tax liabilities against Kistler

for tax years 2008 through 2012. (Id. ¶ 13).  In 2021, the government brought a separate action against Kistler to reduce those assessments to judgment. (Id. ¶ 14).

The government alleges that the Ministry is Kistler's alter ego. (Id. ¶ 28).  In support of these allegations, the government asserts that Kistler used his personal funds, including part of his father's inheritance, to purchase the real property at issue in this case. (Id. ¶ 17).  Additionally, Kistler titled the real property in the name of the Ministry. (Id.)  Kistler allegedly uses the Ministry's bank accounts to pay for his personal living expenses. (Id. ¶ 21).

Defendant Kwiatkowski, Kistler's daughter, allegedly serves as the Financial Secretary of the Ministry while Defendant Garvey allegedly serves as the Trustee of "Guardians" for the Ministry. (Id. ¶¶ 6, 7).  Accordingly, the government contends that both Kwiatkowski and Garvey may claim an interest in the Pittston Property. (Id.)

The government successfully served Kwiatkowski on May 14, 2025. (Doc. 14-1, at 2).  As for Kistler, he waived any objections to the service of process because he filed a motion to dismiss for lack of subject matter jurisdiction and venue without challenging service. (Id. at 2, see Docs. 6, 7).  As to the Ministry and Garvey, they have made it difficult for the government to serve them. (Doc. 14-1, at 2).

## 1. Kistler's counterclaims

Kistler filed multiple counterclaims in response to the government's complaint. They are meritless.

*Counterclaim for alleged defamation and harassment* – In some of his counterclaims, Kistler seeks $10 million in damages for alleged defamation and harassment. (Docs. 5, 8). Although the counterclaim is not a model of clarity, Kistler appears to allege that the government has defamed his character and harassed him for 25 years, resulting in lost income and damage to his credit. (Doc. 5 at 1; Doc. 8 at 1).

The government argues that Kistler's counterclaim sounds in tort and is therefore governed by the Federal Torts Claims Act ("FTCA"). According to the government, the counterclaim is barred by the doctrine of sovereign immunity. (Doc. 10-1, Gov. Br. in Supp at 2). The court agrees.

It is axiomatic that "the United States, as sovereign, is immune from suit" unless it has consented to be sued. United States v. Sherwood, 312 U.S. 584, 586 (1941). "Without a waiver of sovereign immunity, a court is without subject matter jurisdiction over claims against federal agencies or officials in their official capacities." Treasurer of New Jersey v. U.S. Dep't of Treasury, 684 F.3d 382, 395 (3d Cir. 2012). Such waivers cannot be implied but must be unequivocally

3

expressed. <u>United States v. Mitchell</u>, 445 U.S. 535, 538 (1980); <u>United States v. Nordic Vill., Inc.</u>, 503 U.S. 30, 31-33 (1992).

Although the FTCA waives sovereign immunity for certain tort claims, Congress expressly excluded others from that waiver. <u>Brumfield v. Sanders</u>, 232 F.3d 376, 382 (3d Cir. 2000). Relevant here, "[c]laims 'arising out of ... libel, slander, misrepresentation [or] deceit' are excepted from the United States's general waiver of sovereign immunity." <u>Id.</u> (quoting 28 U.S.C. § 2680(h)). Accordingly, "defamation suits against the United States are prohibited." <u>Id.</u>

Based on the foregoing, Kistler's claim for defamation is barred as a matter of law.

To the extent Kistler also asserts a claim for harassment or any other tort arising from the government's assessment or collection of federal taxes, those claims fare no better. The FTCA expressly bars any "claim arising in respect of the assessment or collection of any tax." <u>Lichtman v. United States</u>, 316 F. App'x 116, 120 (3d Cir. 2008) (quoting 28 U.S.C. § 2680(c)); <u>see</u> <u>Kennedy v. Comm'r, Dep't of Treasury Internal Revenue Serv.</u>, 790 F. App'x 447, 449 (3d Cir. 2019) ("[Plaintiff's] claim for damages for intentional infliction of emotional distress and loss of reputation is related to the collection of his 2007 federal income tax liability . . . and thus his alleged injury falls within the tax exception to the FTCA."). Section 2680(c) "specifically applies to *all* tax-related claims."

<u>Lichtman</u>, 316 F. App'x at 120 (quoting <u>Interfirst Bank Dallas, N.A. v. United States</u>, 769 F.2d 299, 307 (5th Cir. 1985)).

Here, Kistler's allegations arise directly from the government's efforts to assess and collect his federal tax liabilities.   As such, they fall within the FTCA's tax-collection exception and are barred by sovereign immunity.

Moreover, Kistler identifies no statutory provision waiving the United States' sovereign immunity. That omission is independently fatal. <u>See</u> <u>Clinton Cnty. Comm'rs v. U.S. E.P.A.</u>, 116 F.3d 1018, 1021 (3d Cir. 1997) ("when the plaintiff seeks to sue the United States or an instrumentality thereof, he may not rely on the general federal question jurisdiction of 28 U.S.C. § 1331, but must identify a specific statutory provision that waives the government's sovereign immunity from suit.")).

Thus, Kistler's counterclaim for defamation and harassment will be dismissed.

*Counterclaims for Other Damages* – Kistler also filed what appears to be counterclaim seeking $1 million in "Tort damages" for laches from the Secretary of Treasury, an Internal Revenue Service ("IRS") employee, Acting Commissioner of the IRS, and the Honorable Robert D. Mariani. (Doc. 21 at ECF p.8; Doc. 22 at ECF p. 20-21; Doc. 29 at ECF pp. 2–3).

Whatever the precise nature of Kistler's counterclaims, they fail as a matter of law. As discussed above, the FTCA excludes from its waiver of sovereign immunity any claim arising "in respect of the assessment or collection of any tax or customs duty." 28 U.S.C. § 2680(c); see Kennedy, 790 F. App'x at 449 ("[A]lthough the FTCA waives sovereign immunity for tort claims against the United States, the tax exception to the FTCA provides that sovereign immunity is not waived for '[a]ny claim arising in respect to the assessment or collection of any tax....' 28 U.S.C. § 2680(c).").

To the extent Kistler is seeking damages from the Honorable Robert D. Mariani arising from Judge Mariani's handling of United States of America v. Kistler, No. 3:21-cv-1283, Kistler's claim is plainly barred by absolute judicial immunity. It is well settled that a "judicial officer in the performance of his duties has absolute immunity from suit and will not be liable for his judicial acts." Capogrosso v. The Supreme Ct. of N.J., 588 F.3d 180, 184 (3d Cir. 2009) (quoting Azubuko v. Royal, 443 F.3d 302, 303 (3d Cir. 2006)). Thus, any claim against the Honorable Robert D. Mariani fails as a matter of law.

Because Kistler's claims plainly arise from those activities, they are barred by sovereign immunity. Accordingly, the court lacks subject-matter jurisdiction over these counterclaims, and they will be dismissed.

6

*Further Requests For Damages* – In another filing, Kistler seeks $10 million in damages from the United States under 18 U.S.C. §§ 241, 242 and 42 U.S.C. §§ 1981, 1982, 1983, 1985, and 1986. (Doc. 51 at ECF p. 2).

Kistler's claims under Title 18 fail at the outset. Section 241 and 242 are criminal statutes contained in the United States Criminal Code.  As a private citizen, Kistler has no authority to enforce those criminal provisions or compel prosecution. See Johnson v. U.S. DOJ, 541 Fed. Appx. 160, 161 (3d Cir.2013) ("'a private citizen lacks a judicially cognizable interest in the prosecution ... of another.' " (quoting Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973)).

Kistler's claims under Title 42 claims also fail.  None of the statutory provisions cited by Kistler waives the United States' sovereign immunity. "Neither § 1981 nor § 1985 contain express consents to suit by the United States, nor contain any other waiver of sovereign immunity." Hines v. Irvington Counseling Ctr., 933 F. Supp. 382, 388 (D.N.J. 1996) (citing 48 U.S.C. §§ 1981, 1985)).  "It has, in fact, been consistently held that neither section 1985 nor any other provision of the Civil Rights Act may provide the basis for an action against the United States or a Federal agency." Biase v. Kaplan, 852 F. Supp. 268, 280 (D.N.J. 1994).

Likewise, liability under Section 1986 is derivative of Section 1985.  Section 1986 creates a civil action against a person who has "knowledge that any of the

wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do, if such wrongful act be committed [.]" 42 U.S.C. § 1986.

Nor may Kistler proceed under Section 1983. Section 1983 serves as the vehicle through which private citizens may seek redress for violations of federal constitutional rights committed by state officials, not the federal government or its employees. Accordingly, Kistler cannot maintain a suit against federal officials acting under federal authority.

For all these reasons, Kistler's claims under Titles 18 and 42 fail as a matter of law.

## 2. Default Judgment against Remaining Defendants

Previously, the court granted the government's motion for alternative service with respect to Defendants Garvey and the Ministry pursuant to Federal Rule of Civil Procedure 4(e)(1) and Pennsylvania Rules of Civil Procedure 430(a) and 410(c)(2). (Doc. 14). The government stated that it failed on six (6) attempts to serve the Ministry at its registered office. (Doc. 15 at 2). Likewise, the government made six (6) unsuccessful attempts to serve Garvey at his residence. (Id. at 3).

The court therefore authorized alternative service on Garvey and the Ministry by: 1) posting a copy of the summons and complaint at the most public part of the real property subject to this action located in Pittston, Pennsylvania; and 2) by sending a copy of the summons and complaint to the Ministry's registered office and Garvey's current home address and P.O. Box by first class mail. (Id. at 10-11).

The government successfully served Kwiatkowski in May 2025. (Doc. 4). However, she has not responded to the complaint.

Because Kwiatkowski, Garvey, and the Ministry failed to appear or defend themselves in this action, the government sought, and the clerk entered, default against each of them. (Docs. 18, 53). The government now moves for default judgment. (Doc. 54).

The court is authorized to enter a default judgment on a plaintiff's motion against a properly served defendant who fails to file a timely responsive pleading. FED. R. CIV. P. 55(b)(2). "[T]he entry of a default judgment is left primarily to the discretion of the district court." Hritz v. Woma Corp., 732 F.2d 1178, 1180 (3d Cir. 1984) (citation omitted). This discretion is not without limits, however, as there is a preference that cases be disposed of on the merits "whenever practicable." Id. (citation omitted).

In determining whether default judgment should be granted, courts consider three factors: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." Chamberlain v. Giampapa, 210 F.3d 154, 164 (3d Cir. 2000) (citation omitted).

Each factor favors entry of default judgment. The government would be prejudiced if default were denied because it has no other means of adjudicating this claim against Kwiatkowski, Garvey, and Ministry, none of whom have appeared or answered the amended complaint despite being properly served. Nor have those defendants asserted any potentially meritorious defense. Finally, they have completely failed to participate in this litigation, despite ample opportunity to do so.

Kistler's opposition does not alter this conclusion. Although Kistler contends that the remaining defendants authorized him to act on their behalf, he lacks standing to oppose the government's motion on their behalf. (Doc. 30 at ECF p. 2). Moreover, as a *pro se* litigant, who is not a licensed attorney, Kistler may represent his own interests only; he may not appear on behalf of other parties in federal court. See Murray on behalf of Murray on behalf of Purnell v. City of Philadelphia, 901 F.3d 169, 170 (3d Cir. 2018) ("Although an individual

may represent herself or himself pro se, a non-attorney may not represent other parties in federal court.").

Accordingly, the court will grant the government's motion for default judgment against Kwiatkowski, Garvey, and the Ministry and declare that they have no interest in the Pittston Property.

### 3. Kistler's Motions to Dismiss

Kistler has filed several motions to dismiss. (Docs. 7, 20, 36, 39). Although those motions are framed differently, they largely recycle the same arguments. Accordingly, the court will address each of Kistler's arguments in turn.

*Sovereign Citizen* – At the core of Kistler's motions is his assertion that he is a "corporate fiction created by the 'Birth Certificate' and is not the flesh and blood, living, breathing, human being to which bears a name which pronounced sounds alike to but is in fact not the actual or factual representation to a human being [.]" (Doc. 7 at ECF p. 1). According to Kistler, he is "not a US Citizen because that is a corporate created fiction and a slave to the creator by using all capital letters to represent my legal original name which sounds similar but are as dissimilar as plantains are to bananas [.]" (Doc. 39 at ECF p. 3).

The court construes these assertions as advancing a sovereign citizen theory.[1] Kistler's language and ideas are typical of the sovereign citizen

---

[1] Nearly every filing Kistler has submitted contains variation of the same assertions.

11

movement.[2] "Not all sovereign citizens share the same beliefs, but generally, sovereign citizens believe that they are not subject to federal, state, or local law or courts' jurisdiction." Ewans v. New Jersey, No. 25-1368, 2025 WL 2630569, at *1 n. 1 (3d Cir. Sept. 12, 2025) (citation omitted). Courts in this circuit routinely dismiss sovereign citizen theories as frivolous, and the court does so here.[3]

*Subject-Matter Jurisdiction* – Kistler next argues that this action lacks subject-matter jurisdiction because, in his view, the "Internal Revenue Code is not 'Positive Law.' " (Doc. 7 at ECF pp. 2-3). Moreover, Kistler contends that this "case is nothing but a witch hunt by a criminal enterprise calling itself 'The Internal Revenue Service' which is no more a federal agency than 'FedEx or Federal Ammunitions." (Doc. 20 at ECF p. 2). These arguments are meritless.

"[T]he Internal Revenue Service is organized to carry out the broad responsibilities of the Secretary of the Treasury under s 7801(a) of the 1954 Code for the administration and enforcement of the internal revenue laws."

---

[2] For instance, Kistler maintains that "Judges do not enforce Codes and statutes . . . Executive administrators are posing as Judges and act as 'Bankers' and 'Post Masters'!" (Doc. 7 at ECF p. 3).

[3] See generally Ewans, 2025 WL 2630569, at *1–2; El v. Moore, No. 23-3255, 2024 WL 4299030, at *1 (3d Cir. Sept. 26, 2024); Smithson v. York Cnty. Ct. of Common Pleas, No. 1:15-CV-01794, 2016 WL 4521854, at *4 (M.D. Pa. Aug. 3, 2016); Smith v. Homestead Police Dep't, No. CV 22-1585, 2024 WL 1256300, at *4–6 (W.D. Pa. Mar. 25, 2024); Blinke v. Sweeney, No. 1:23-CV-01259-YK, 2023 WL 8361795, at *2 (M.D. Pa. Nov. 9, 2023), report and recommendation adopted, No. 1:23-CV-01259, 2023 WL 8359908 (M.D. Pa. Dec. 1, 2023); Geiger v. Conroy, No. CV 22-2458, 2023 WL 2577233, at *7 n. 15 (E.D. Pa. Mar. 20, 2023).

12

Donaldson v. United States, 400 U.S. 517, 534 (1971).  "Like it or not, the Internal Revenue Code is the law [.]" Ryan v. Bilby, 764 F.2d 1325, 1328 (9th Cir. 1985).

This action arises under federal tax laws, and therefore presents a federal question within the meaning of 28 U.S.C. § 1331.  Accordingly, the court possesses subject-matter jurisdiction.

*Venue* – Kistler also challenges venue but offers no meaningful explanation as to why venue is improper. (Doc. 6 at ECF pp. 2-3).

In any event, venue plainly lies in this District.  A civil action may be brought in: "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; [or] (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." 28 U.S.C. §§  1391(b)(1), (2).

Here, the government alleges that the subject real property is located in Pittston, Pennsylvania, which is in the Middle District of Pennsylvania. (Doc. 27, Am. Compl. ¶¶ 8–11).  Additionally, all defendants allegedly reside in this District and a substantial part of the events giving rise to the action occurred here. (Id. ¶¶ 1, 2, 5, 12-14).

13

Additionally, venue is found proper under 28 U.S.C. § 1396, which states that any civil action "for the collection of internal revenue taxes may be brought in the district where the liability for such tax accrues, in the district of the taxpayer's residence, or in the district where the return was filed." 28 U.S.C. § 1396. According to the amended complaint, each of those circumstances exists here. Notably, liability for the taxes accrued in this district. See United States of America v. Kistler, No. 3:21-cv-1283, (Doc. 1, ¶ 4). Thus, venue is independently proper under § 1396.

*Personal Jurisdiction* – Although somewhat unclear, Kistler also appears to challenge this court's exercise of personal jurisdiction.  Kistler asserts that "[t]his challenge to Venue must be addressed before this case can move forward as the defendant does not waive his rights in any fashion and does not relinquish his 'Personal Jurisdiction[.]' " (Doc. 7 at ECF p. 3).  Kistler's argument stems from his venue challenge, but he offers no independent basis for concluding that personal jurisdiction is lacking.

General personal jurisdiction exists where a defendant's contacts with the forum are "so continuous and systematic as to render it essentially at home in the forum State." Daimler AG v. Bauman, 571 U.S. 117, 139 (2014) (cleaned up). "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile . . . ." Id. at 137.

14

This issue is straightforward. Kistler is domiciled within the Middle District of Pennsylvania. (Doc. 27, Am. Compl. ¶ 4; Doc. 6, pp. 19, 20; Doc. 9-1, Ex. A, Voter Registration at ECF pp. 1-3).  Therefore, the court may properly exercise general personal jurisdiction over him.

*Breach of Contract* – Finally, Kistler maintains that this action should be dismissed because the government has failed to produce evidence of a signed contract. (Doc. 20 at ECF p. 3).  Specifically, Kistler contends that "there is no original 'Wet Ink' contract signed by both the Plaintiff and the defendant." (Doc. 47 at ECF p. 2).

This argument mischaracterizes the nature of this action.  The government does not assert a breach of contract claim.  Rather, it seeks to foreclose federal tax liens and a judgment lien.  The government's claims do not depend upon the existence of a contract, nor does the government allege that any contract exists.  Consequently, Kistler's argument provides no basis for dismissal.

**Conclusion**

For the reasons set forth above, it is hereby **ORDERED** that:

1. The government's motions to dismiss Kistler's counterclaims, (Docs. 10, 35), are **GRANTED**;

2. The government's motion for default judgment against Kwiatkowski, Garvey, and the Ministry, (Doc. 54), is **GRANTED**;

15

3. The Clerk of Court shall enter a default judgment in favor of the government and against Kwiatkowski, Garvey, and the Ministry declaring that these defendants have no interest in the property located at 65 and 69 Tompkins Street, Pittston, Pennsylvania 18640;

4. Kistler's motions, (Docs. 7, 20, 30, 36, 39, 47, 58), are **DENIED;** and

5. Kistler shall file an answer to the amended complaint within fourteen (14) of the date of this order.

Date: 7/24/26

BY THE COURT:

JUDGE JULIA K. MUNLEY
United States District Court